James J. Rufo, Esq.
Todd S. Cushner, Esq.
Cushner & Associates, P.C.
*Attorneys for Debtors / Plaintiffs*
399 Knollwood Road, Suite 205
White Plains, New York 10603
(914) 600-5502 / (914) 600-5544
jrufo@cushnerlegal.com / todd@cushnerlegal.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| ROBERT N. RUSTICI AND ARLENE P. RUSTICI, | CASE NO. 19-22279 (SHL) |
| DEBTORS | |

-------------------------------------------------------------------X

| | |
|---|---|
| ROBERT N. RUSTICI AND ARLENE P. RUSTICI, | |
| PLAINTIFFS | ADV. PRO. NO. 19-08238 (SHL) |
| -AGAINST- | |
| NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER, | |
| DEFENDANT | |

-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT**

Robert N. Rustici and Arlene P. Rustici ("Plaintiffs"), by and through, their attorneys, by and through their attorneys Cushner & Associates, P.C., hereby move this Court for an order granting Movants' Summary Judgment as to all counts of the Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056.

**PRELIMARY STATEMENT**

The Plaintiffs commenced the instant action on by filing Summons and Complaint (the "Complaint") against Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar" and/or "Defendant") to quiet title and for declaratory relief rendering the note unenforceable and

voiding the mortgage Plaintiffs' real property located at 93 Lincoln Avenue, Yonkers, New York 10704, designated on the Tax Map of the County of Westchester as Section: 5, Block: 5211, Lot: 12.104 (the "Property") pursuant to RPAPL § 1501 and N.Y. CPLR § 213(4). The Plaintiffs are entitled to an Order Granting Summary Judgment in their favor. On March 23, 2009, Chase Home Finance LLC, predecessor in interest to Defendant, accelerated the entire balance owed under the subject Loan, due and payable immediately in full, by and through its filing of a notice of pendency and summons and complaint; thus, commencing a foreclosure action against the Plaintiffs Arlene Rustici and Robert Rustici, in the Supreme Court of the State of New York, County of Westchester, bearing Index No. 5513/2009 (the "2009 Foreclosure") in order to foreclose on the Mortgage to Plaintiff's Property. On September 26, 2016, the Hon. Linda S. Jamieson, J.S.C. entered an Order Dismissing the 2009 Foreclosure. Defendant failed to deaccelerate the mortgage loan prior to the expiration of the six (6) year statute of limitations under CPLR § 213(4).

Therefore, this Court should enter an Order pursuant to Federal Rule of Civil Procedure 56 and Federal Rules of Bankruptcy Procedure 7001(2), 7001(9) and 7056 and RPAPL Article 15, N.Y. CPLR § 213(4): (1) Barring the Defendant from asserting any claim, interest, lien or encumbrance of any sort, in the Yonkers Property described herein in accordance with Real Property and Proceedings Law Article 15(2) granting Plaintiffs request for a declaratory judgment that the Statute of Limitations has expired and that Defendant's Note and Mortgage are a legal nullity and as a result the Mortgage is unenforceable; (3) granting Plaintiffs' request for a declaratory judgment that the Defendant does not hold a valid lien on the Property; (5) a declaratory judgment that, under N.Y. CPLR § 213(4), the Statute of Limitations has run and the debt on the Mortgage and the Note is unenforceable and that the Defendant and every person

claiming under them, be forever barred from all claims to an estate or interest in the Property; (6) directing that the Westchester County Clerk's Office cancel, discharge and expunge Defendant's Mortgage from the public record; (7) declaring that Plaintiffs are vested with absolute title in fee simple to the Property, free and clear of Defendant's Mortgage.

## STATEMENT OF FACTS

Plaintiffs' refer to and incorporate herein by reference, its annexed Statement of Material Facts pursuant to Local Rule 7056-1.

## LEGAL STANDARD

Summary judgment is appropriate in this matter as there are no genuine issues of material fact and based on the undisputed facts Plaintiffs' are entitled to judgment as a matter of law. Summary Judgment is appropriate "where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Jacobowitz v. The Cadle Co.*, 309 B.R. 429, 435 (S.D.N.Y. 2004); Fed. R. Civ. P. 56(a). A motion for summary judgment should be granted if "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party." *Bundy Am. Corp. v. Blankfort (In re Blankfort)*, 217 B.R. 138, 143 (Bankr. S.D.N.Y. 1998) (citing, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, (1986)).

It follows that pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to bankruptcy adversary proceedings by Fed. R. Bank. P. 7056, the Court may award summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. See *Celotex Corp. V Catrett,* [**12] 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

The nonmoving party "may not rest upon mere allegation[s] or denials of his [/her] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

Therefore, based on the undisputed facts in this case, applicable statutes, and established case law, Plaintiffs' are entitled to summary judgment on all grounds for relief sought in Complaint.

## ARGUMENT

### THE STATUTE OF LIMITATION HAS EXPIRED UNDER CPLR § 213(4) RENDERING DEFENDANTS' MORTGAGE UNENFORCEABLE

Defendant's failure to perform an affirmative and unambiguous act revoking acceleration prior to the expiration of the statute of limitations on September 16, 2016, (the "SOL Expiration Date") renders the Defendant's first mortgage lien unenforceable under to CPLR § 213(4). *UMLIC VP, LLC v Mellace,* 19 AD3d 684 (2nd Dep't 2005); *Clayton Nat'l, Inc. v Guldi,* 307 AD2d 982 (2nd Dep't 2003); *Lavin v Elmakiss*, 302 AD2d 638 (3rd Dep't 2003).

New York CPLR § 213(4) states that: "The following actions must be commenced within six years: … (4) an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein." NY CPLR § 213(4). The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt. *See Rols Capital Co. v Beeten*, 264 A.D.2d 724, 696 N.Y.S.2d 48; at *4, *Loiacono v Goldberg*, 240 A.D.2d 476, 477, 658 N.Y.S.2d 138). *Also see Natl. Mtge. Assn. v Mebane*, 208 A.D.2d 892, 618 N.Y.S.2d 88, ("Once a mortgage debt is accelerated, 'the borrowers' right and obligation to make monthly

4

installments ceased and all sums [become] immediately due and payable," and the six-year Statute of Limitations begins to run on the entire mortgage debt.").

Moreover, the courts in New York State have determined that the commencement of a mortgage foreclosure action is a lender's an affirmative act to accelerate all sums due and owing pursuant to the mortgage note. "Commencement of a foreclosure action may be sufficient to put the borrower on notice that the option to accelerate the debt has been exercised. *Wells Fargo v. Burke*, 943 N.Y.S.2d 540, 542-43 (2d Dep't 2012); *see EMC Mtge. Corp. v Smith,* 18 AD3d 602, 603 (2nd Dept. 2005*); Clayton Natl. v Guldi,* 307 AD2d 982, 982 (2003); *Arbisser v Gelbelman,* 730 N.Y.S.2d 157, 158 (2d Dept. 2001).

Here, Defendant accelerated the mortgage debt on March 23, 2009, (the "Acceleration Date") when its predecessor-in-interest, Chase Home Finance LLC, accelerated the entire balance owed under the subject Loan, due and payable immediately in full, by and through its filing of a notice of pendency and summons and complaint; thus commencing a foreclosure action against the Plaintiffs Arlene Rustici and Robert Rustici, in the Supreme Court of the State of New York, County of Westchester, bearing Index No. 5513/2009 (the "2009 Foreclosure") in order to foreclose on the Mortgage to Plaintiff's Property. Therefore, the statute of limitation under NY CPLR § 213(4) (the "SOL") began to run on March 23, 2009. The SOL continued to run until the Plaintiffs' filed a chapter 7 bankruptcy case on November 2, 2009 triggering the automatic stay under 11 U.S.C. § 362(a); and, thus, tolling the running of the SOL. At the time of the Plaintiffs' chapter 7 filing, the SOL had run from March 23, 2009 to November 1, 2009, for a total of two-hundred twenty-three (223) days.

On May 1, 2011, an Order of Final Decree, dated April 29, 2011 was entered on the Court's docket and the Plaintiff's chapter 7 case was closed; therefore, the SOL was tolled from

November 2, 2009 until April 29, 2011 for a total of five hundred forty-three (543) days pursuant to 11 U.S.C. § 362(a)(4). On April 30, 2011, the SOL resumed and on September 16, 2016, (the "SOL Expiration Date") the statute of limitations under NY CPLR § 213(4) expired.

Conversely, "[A] lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action." *NMNT Realty Corp. v Knoxville 2012 Trust*, 151 AD3d 1068, 1070 (2nd Dept. 2017), *see also EMC Mtge. Corp. v Patella*, 279 AD2d 604, 606 (2nd Dept. 2011). New York State courts added that "the revocation should be clear, unequivocal, and give actual notice to the borrower of the lender's election to revoke in sum, akin to the manner plaintiff gave notice to exercise the option to accelerate." *Bank of NY v Hutchinson*, 57 Misc. 3d 1204[A], 2017 NY Slip Op 51224[U] (Sup Ct, Kings County 2017), *citing*, Bank *of New York Mellon v. Slavin*, 54 Misc. 3d 311, 315, 41 N.Y.S.3d 408 (Sup. Rensselaer Cty., 2016, Zwack, J), *citing Mebane, supra*, 208 AD2d at 894, *Wells Fargo N.A. v. Burke*, 94 AD3d 980, 943 N.Y.S.2d 540 (2nd Dept. 2012).

New York State courts have determined that ". . . discontinuing the prior foreclosure action was an affirmative act of revocation." U.*S. Bank N.A. as Trustee for RASC-2005KS5 v Wongsonadi*, 55 Misc 3d 1207[A], 2017 NY Slip Op 50452[U] (Sup Ct, Queens County 2017); *see U.S. Bank Nat. Ass'n v Deochand,* 2017 NY Slip Op 30472[U] [Sup. Ct., Queens Cnty. 2017); *Asiago v Wells Fargo Bank, N.A.*, 2016 WL 6138269 [Sup. Ct., Queens Cnty. 2016); *4 Cosgrove 950 Corp. v Deutsche Bank Nat'l Trust Co.*, 2016 N.Y. Misc. LEXIS 4901 (Sup. Ct., New York Cnty. 2016).

Moreover, New York State courts found no affirmative act of revocation where the Court dismissed the action, *sua sponte*. "The prior foreclosure action was never withdrawn by the

lender, but rather, dismissed *sua sponte* by the court." *Federal Natl. Mtge. Assn. v Mebane*, 208 AD2d 892, 289 (2nd Dept. 1994), see *NMNT Realty Corp. v Knoxville 2012 Trust*, 151 AD3d 1068 (2nd Dept. 2017), *see Kashipour v Wilmington Sav. Fund Socy., FSB*, 144 AD3d at 987; *Wells Fargo Bank, N.A. v Burke*, 94 AD3d at 983; *EMC Mtge. Corp. v Smith*, 18 AD3d 602, 603, 796 N.Y.S.2d 364; *Clayton Nat'l, Inc. v Guldi*, 307 A.D.2d 982, 763 N.Y.S.2d 493). Further, New York State courts found no affirmative act of revocation where the action was dismissed for lack of personal jurisdiction. (". . . the dismissal of the 1992 action for lack of personal jurisdiction did not constitute an affirmative act by the lender to revoke its election to accelerate." *Clayton Natl., Inc. v Guldi*, 763 N.Y.S.2d 493, 493 (2nd Dept. 2003), *see Federal Natl. Mtge. Assn. v Mebane,* 208 A.D.2d 892, 618 N.Y.S.2d 88 (1994) (the court also found no affirmative act of revocation where the prior foreclosure action never withdrawn). In addition, no affirmative act of revocation was found where the lender accepted of partial payment of accelerated debt no affirmative act of revocation. *See UMLIC* at 62 and *Lavin*, 754 N.Y.S.2d at 74.

In this case, Defendants failed to perform a clear, unequivocal affirmative act of revocation that gave Plaintiff actual notice comparable to the notice given to accelerate prior to the expiration of the SOL Expiration Date on September 16, 2016. *See*, *Bank of NY v Hutchinson*, 57 Misc. 3d 1204[A], 2017 NY Slip Op 51224[U] (Sup Ct, Kings County 2017), *citing*, *Bank of New York Mellon v. Slavin*, 54 Misc. 3d 311, 315, 41 N.Y.S.3d 408 (Sup. Rensselaer Cty., 2016, Zwack, J), *citing Mebane, supra*, 208 AD2d at 894, *Wells Fargo N.A. v. Burke*, 94 AD3d 980, 943 N.Y.S.2d 540 (2nd Dept. 2012).

The facts in this case make it clear that Defendant continued to prosecute the 2009 Foreclosure evidenced by the Motion for Summary Judgment and an Order of Reference filed by

7

Defendant on May 2, 2016 (the "2016 MSJ") in the 2009 Foreclosure. In fact, the 2016 MSJ supports Plaintiffs' argument that Defendants failed to perform a clear, unequivocal affirmative act revoking acceleration prior to the SOL Expiration Date. In addition, the facts demonstrate that Defendant did not make any attempt at revoking acceleration until September 4, 2018, when an Affirmation Canceling Notice of Pendency for the 2009 Foreclosure Action, dated August 24, 2018 was entered in the Westchester County Clerk's Office.

The facts in this case are clear and straightforward, on March 23, 2009 Defendant's predecessor-in-interest accelerated the entire balance owed under the subject Note and Mortgage, due and payable immediately in full, by and through its filing of a notice of pendency and summons and complaint. Acceleration of the Note and Mortgage has been neither rescinded nor revoked. The six-year statute of limitations expired on or about September 16, 2016. Plaintiffs have not made any payments towards the Loan since on or about October 2008; more than ten (10) years. The statute of limitations began to run on March 23, 2009; and therefore, would have expired on March 23, 2015; however, pursuant to 11 U.S.C. § 362(a)(4), the statute of limitations was tolled from November 2, 2009 until April 29, 2011 for a total of five hundred forty-three (543) days. After accounting for the bankruptcy stay and tolling of the statute of limitations, the statute of limitations expired on September 16, 2016. At no time during prior to the expiration of the statute of limitations on September 16, 2016 did the Defendant revoke and/or rescind acceleration of the Note or Mortgage.

Accordingly, Defendants failed to perform a clear, unequivocal affirmative act of revocation that gave Plaintiff actual notice comparable to the notice given to accelerate prior to the expiration of the SOL Expiration Date on September 16, 2016 rendering the Defendant's first mortgage lien unenforceable under to CPLR § 213(4). *UMLIC VP, LLC v Mellace,* 19 AD3d

684 (2nd Dep't 2005); *Clayton Nat'l, Inc. v Guldi,* 307 AD2d 982 (2nd Dep't 2003); *Lavin v Elmakiss*, 302 AD2d 638 (3rd Dep't 2003).

Therefore, summary judgment is appropriate in this matter as there are no genuine issues of material fact and based on the undisputed facts Plaintiffs' are entitled to judgment as a matter of law. *Jacobowitz v. The Cadle Co.*, 309 B.R. 429, 435 (S.D.N.Y. 2004); Fed. R. Civ. P. 56(a).

## **CONCLUSION**

Based upon the foregoing, it is respectfully requested that this Court and grant such other and further relief as it deems appropriate.

Dated: White Plains, New York
September 25, 2020

                        Respectfully submitted,

By: */s/ James J. Rufo*
James J. Rufo, Esq.
Todd S. Cushner, Esq.
Cushner & Associates, P.C.
*Attorneys for Debtors / Plaintiffs*
399 Knollwood Road, Suite 205
White Plains, New York 10603
(914) 600-5502 / (914) 600-5544
jrufo@cushnerlegal.com / todd@cushnerlegal.com