James J. Rufo, Esq.
Todd S. Cushner, Esq.
Cushner & Associates, P.C.
*Attorneys for Debtors / Plaintiffs*
399 Knollwood Road, Suite 205
White Plains, New York 10603
(914) 600-5502 / (914) 600-5544
jrufo@cushnerlegal.com / todd@cushnerlegal.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

| | |
|---|---|
| IN RE: | CHAPTER 13 |
|     ROBERT N. RUSTICI AND<br>    ARLENE P. RUSTICI, | CASE NO. 19-22279 (SHL) |
|                     DEBTORS | |

------------------------------------------------------------------X

ROBERT N. RUSTICI AND ARLENE P. RUSTICI,

                PLAINTIFFS                             ADV. PRO. NO. 19-08238 (SHL)

    -AGAINST-

NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER,

                DEFENDANT

------------------------------------------------------------------X

### REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

      Robert N. Rustici and Arlene P. Rustici ("Plaintiffs"), by and through, their attorneys, by and through their attorneys Cushner & Associates, P.C., hereby submit the following Reply in further support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper's ("Defendant") Cross-Motion for Summary Judgment (the "Opposition Motion").

# **PRELIMARY STATEMENT**

As Plaintiffs have demonstrated in their Memorandum of Law in Support Plaintiffs' Motion for Summary Judgment (the "Motion") at Adv. Pro. No. 14, judgment should be entered in favor of the Plaintiffs and Defendants' Opposition Motion denied.

Defendants' Opposition Motion argues that the Plaintiffs have failed to assert a cause of action under RPAPL § 1501(4) canceling and discharging Defendant's mortgage because the underlying foreclosure action remains pending; therefore, Plaintiffs' have no cause of action for which relief may be granted. The Opposition Motion further argues that because the 2009 Foreclosure action has not been Defendant's Opposition must be denied.

The Complaint and exhibits establish that the underlying foreclosure action was closed; therefore, Plaintiffs' have a cause of action under RPAPL § 1501(4) to cancel and discharge Defendant's mortgage as the statute of limitation under NY CPLR § 213(4) expired. Further, in the event that this Court determines that the state court order of dismissal entered on September 26, 2016 (the "Dismissal Order") did not effectively terminate and/or resolve the 2009 Foreclosure action; the 2009 Foreclosure action was effectively closed upon the Westchester County Clerk's entry of Defendant's predecessor in interest's Affirmation Canceling Notice of Pendency for the 2009 Foreclosure Action, on September 4, 2018. (A copy of the Affirmation Canceling Notice of is annexed hereto as **Exhibit "A"** for purposes of convenience and as **Exhibit J** of the Complaint).

Accordingly, Defendant's Opposition Motion should be denied in its entirety and an order entered granting Plaintiffs summary judgment.

# ARGUMENT

## THE 2009 FORECLOSURE ACTION WAS CLOSED; THEREFORE, PLAINTIFFS HAVE A CAUSE OF ACTION UNDER RPAPL § 1501(4) AS THE STATUTE OF LIMITATION HAS EXPIRED UNDER CPLR § 213(4), RENDERING DEFENDANTS' MORTGAGE UNENFORCEABLE

The 2009 Foreclosure action was effectively resolved and/or closed September 4, 2018 when the Westchester County Clerk's Office entered Defendant's predecessor in interest's Affirmation Canceling Notice of Pendency for the 2009 Foreclosure Action.

The Opposition Motion's reliance on the holdings in *Mizrahi v. U.S. Bank, N.A.*, 156 A.D.3d 617, 618 (2d Dep't 2017) and *Gustavia Home LLC v. VVS1 Corp.*, 17-CV-4330 (ERK)(JO), 2019 WL 2527291 (E.D.N.Y. Jun. 6, 2019) are inapposite to the facts of this case.

In *Mizrahi v. U.S. Bank, N.A.*, the underlying foreclosure action was commenced in February of 2008 and dismissed pursuant to an order dated November 29, 2012; however, the Supreme Court of New York, Appellate Division, Second Department held that the underlying foreclosure action was still pending and reversed the trial court's decision dismissing U.S. Bank's motion to dismiss the respondent's complaint to cancel and discharge a mortgage under RPAPL § 1501(4) ". . . U.S. Bank submitted evidence demonstrating that it had appealed from an order denying that branch of its motion which was to vacate the November 2012 order dismissing the foreclosure action. . ." *Id*. at 618. *U.S. Bank's* pending appeal proved that the underlying foreclosure action was not closed and justified the Appellate Division, Second Department's decision that respondent failed to state a claim under RPAPL § 1501(4).

In *Gustavia Home LLC v. VVS1 Corp.* the District Court for the Eastern District of New York held that plaintiff failed to state a claim under RPAPL § 1501(4) because a state court appeal of a decision in the underlying foreclosure was pending; therefore, the state court foreclosure action was still unresolved. *Id*.

Defendant's reliance on the holdings in *Mizrahi v. U.S. Bank, N.A.* and *Gustavia Home LLC v. VVS1 Corp.* are inapposite to the facts of this case rendering Defendant's argument unpersuasive. In *Mizrahi*, and *Gustavia* the underlying state court actions were still unresolved because appeals had been filed; therefore, the plaintiffs could not maintain actions under RPAPL § 1501(4). Defendant that the facts in this case are akin to those in *Mizrahi*, and *Gustavia* because the 2009 Foreclosure is still pending; and that Defendant's time to file an appeal of the Dismissal Order has neither expired nor has it commenced.

Contrary to Defendant's factual assertions, in this case the 2009 Foreclosure action was closed on September 4, 2018 when the Westchester County Clerk's Office entered Defendant's predecessor in interest's Affirmation Canceling Notice of Pendency for the 2009 Foreclosure action. Therefore, the holding in *Mizrahi v. U.S. Bank, N.A.* is inapplicable to the facts in this case because the underlying foreclosure has been terminated, resolved, and closed. Therefore, Plaintiffs' have a cause of action under RPAPL § 1501(4) as the statute of limitations under NY CPLR § 213(4) has expired rendering Defendant's mortgage unenforceable.

Furthermore, Defendant's cancelation of the 2009 Foreclosure provides substantial support for Plaintiffs' argument that Defendant failed to perform an affirmative and unambiguous act revoking acceleration prior to the expiration of the statute of limitations under CPLR § 213(4).

The facts in this case make it clear that Defendant continued to prosecute the 2009 Foreclosure evidenced by the Motion for Summary Judgment and an Order of Reference filed by Defendant on May 2, 2016 (the "2016 MSJ") in the 2009 Foreclosure. In fact, the 2016 MSJ supports Plaintiffs' argument that Defendants failed to perform a clear, unequivocal affirmative act revoking acceleration prior to the SOL Expiration Date. In addition, the facts demonstrate

that Defendant did not make any attempt at revoking acceleration until September 4, 2018, when an Affirmation Canceling Notice of Pendency for the 2009 Foreclosure Action, dated August 24, 2018 was entered in the Westchester County Clerk's Office.

Accordingly, Defendants failed to perform a clear, unequivocal affirmative act of revocation that gave Plaintiff actual notice comparable to the notice given to accelerate prior to the expiration of the SOL Expiration Date on September 16, 2016 rendering the Defendant's first mortgage lien unenforceable under to CPLR § 213(4). *UMLIC VP, LLC v Mellace,* 19 AD3d 684 (2nd Dep't 2005); *Clayton Nat'l, Inc. v Guldi,* 307 AD2d 982 (2nd Dep't 2003); *Lavin v Elmakiss*, 302 AD2d 638 (3rd Dep't 2003).

Therefore, summary judgment is appropriate in this matter as there are no genuine issues of material fact and based on the undisputed facts Plaintiffs' are entitled to judgment as a matter of law. *Jacobowitz v. The Cadle Co.*, 309 B.R. 429, 435 (S.D.N.Y. 2004); Fed. R. Civ. P. 56(a).

## **CONCLUSION**

Based upon the foregoing, it is respectfully requested that this Court enter an order granting all relief requested in Plaintiffs Complaint; deny Defendant's Cross-Motion for Summary Judgment in its entirety; and grant any other and further relief as it deems appropriate.

Dated: White Plains, New York
November 6, 2020

Respectfully submitted,

By: */s/ James J. Rufo*
James J. Rufo, Esq.
Todd S. Cushner, Esq.
Cushner & Associates, P.C.
*Attorneys for Debtors / Plaintiffs*
399 Knollwood Road, Suite 205
White Plains, New York 10603
(914) 600-5502 / (914) 600-5544
jrufo@cushnerlegal.com / todd@cushnerlegal.com